JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
MATTHEW T. HALE (SBN 303826)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

W. CRAFT HUGHES (PRO HAC VICE PENDING)
JARRETT L. ELLZEY (PRO HAC VICE PENDING)
**HUGHES ELLZEY, LLP**
Galleria Tower I
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: 713-544-2377
Fax: 888-995-3335
*craft@hughesellzey.com*
*jarrett@hughesellzey.com*

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CIOTTI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>SYNCHRONY FINANCIAL, a Delaware Corporation; and DOES 1 through 20, inclusive, and each of them,<br><br>        Defendants. | Case No. **'16CV1033 AJB BLM**<br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>(1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
-1-

Plaintiff Benjamin Ciotti ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Defendant is the largest provider of private label credit cards in the United States. In an effort to collect alleged delinquent balances from consumers, Defendant Synchrony Financial ("Defendant") engages in reckless and aggressive debt collection practices which outright ignore the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and the rights of the called parties.

2. Defendant conducted (and continues to conduct) collections call campaigns and repeatedly made unsolicited calls to consumers' telephones without consent, in violation of the TCPA. Defendant made one or more unauthorized calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of soliciting business from Plaintiff. Defendant also called Plaintiff after he told Defendant it had the wrong party, clearly stated he did not wish to be called again. Defendant should have placed Plaintiff's name on its federally-mandated Internal Do-Not-Call List, but failed to do so. Furthermore, to the extent Defendant called a re-assigned number, Defendant should have scrubbed its customer database against the numerous publicly available reassigned number databases prior to placing the calls to Plaintiff and members of the Class.

3. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct. Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited ATDS calling activities to consumers and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable

attorneys' fees, and treble damages (for knowing and/or willful violations).

4. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

## JURISDICTION & VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business at Stamford, Connecticut. Plaintiff also seeks up to $1,500.00 in damages for each unsolicited call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. Furthermore, Defendant has purposefully availed itself of the protections of California law, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. For these same reasons, venue is proper in this District.

## PARTIES

7. Plaintiff, Benjamin Ciotti ("Plaintiff"), is a natural person residing in San Diego, California.

8. Defendant Synchrony Financial ("Defendant") is a Delaware corporation with its principal place of business in Stamford, Connecticut. Defendant may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendant sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendant by fictitious names. Each of the Defendant designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendant when such identities become known.

10. Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendant. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant.

11. At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## LEGAL BASIS FOR CLAIMS

12. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The

TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.  If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

13. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order.  The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  47 C.F.R. § 64.1200(f)(8).

potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

14. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3),(6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a

1  private action under the TCPA for monetary and injunctive relief.

2  16.  Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

3  17.  Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## COMMON FACTUAL ALLEGATIONS

18.  Defendant is the largest provider of private label credit cards in the United States.  In an effort to collect alleged delinquent balances from consumers, Defendant engages in reckless and aggressive debt collection practices which outright ignore the TCPA and the rights of the called parties.

19.  Plaintiff brings the present action because Defendant has repeatedly violated the TCPA by calling Plaintiff and the Class via ATDS and using an artificial or prerecorded voice without prior express written consent.  Defendant also violated the TCPA by contacting individuals listed on its IDNC; or Defendant has simply ignored the TCPA and failed to implement a legally compliant IDNC altogether. As further detailed herein, Plaintiff was not a customer of, or enrolled with, Defendant when Defendant began making unsolicited calls to his cell phone. Plaintiff would show that Defendant knowingly and willfully engaged in this conduct because Defendant continued to place calls to Plaintiff's cell phone and the cell phone numbers of the Proposed Class despite the fact that he was listed (or should have been listed) on

Defendant's IDNC.

20. Not surprisingly, these practices have led to significant backlash from consumers:[2]

- "I have gotten daily robo calls in Spanish from this number. I don't speak Spanish. Since it's not an actual person I cannot figure out what they want or how to stop it."
- "ENDLESS calls from these people which I DO NOT answer.  WHO ARE THEY?????  hateful."
- "Annoying daily calls from Synchrony Bank - no outstanding debt so not sure why they are calling.  Just annoying ..."
- "i [sic] keep getting call from this phone Numbers [sic] daily and at all hrs of the day and night! I'm sick and tired but I'm not sure where to report them other then [sic] here. I just want them to stop calling me."
- "I received numerous of [sic] calls during one day early AM and late PM on a daily basis. I have told them to "STOP CALLING ME" but they have continued for the past month. I need a resolution to this matter because is [sic] very disturbing, I am very ill and can not [sic] be constantly harass [sic] by this people [sic]. Is not even for me they are looking for [sic]."

21. Defendant ignored Plaintiff's and the Class members' requests, failed to observe its IDNC (to the extent it has one), and continued to call Plaintiff and the Class members.  Accordingly, Plaintiff, on behalf of himself and all others similarly situated, bring this action to prevent Defendant from engaging in this continued course of conduct, and seek compensation for himself and the Class of $500.00 for each negligent violation by Defendant, treble

---

[2] *See, e.g.*, 800Notes for (877) 822-2015, http://800notes.com/Phone.aspx/1-800-822-2015.

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
**-8-**

damages of $1,500.00 for each knowing and willful violation, and injunctive relief.

**FACTS SPECIFIC TO PLAINTIFF BENJAMIN CIOTTI**

22. Beginning around December 1, 2015, Ciotti began to receive calls from the number 877-822-2015, which is associated with Defendant. At the time Ciotti filed this lawsuit, he had received at least 10 calls from Defendant.

23. Ciotti received all calls described above on his cellular telephone assigned a number ending in 8205.

24. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Ciotti's prior express written consent.

25. Ciotti was able to answer several of these calls and interact with the caller's live representative after being transferred by the dialing system. On several occasions, Ciotti was contacted by a pre-recorded voice, stating "If this is Gloria Eucenia (or a similar name), please press 1…"

26. When Ciotti answered the calls when he was able to eventually speak with a live representative, there was a momentary pause ("dead air") before Defendant's live representative engaged on the other end of the line.

27. Defendant's representatives always asked for another individual – Gloria Eucencia (or a similar name) – not Ciotti.

28. Ciotti repeatedly told Defendant that it had the wrong party. Yet, Defendant continued to call. Ciotto told Defendant every time they had the wrong person. One of Defendant's employees even admitted that it made no difference and the calls would not stop.

29. Ciotti never provided Defendant consent to call his cellular telephone for any purpose.

30. At the time of the calls, Ciotti did not have a business relationship with Defendant.

31. Ciotti was a PhD candidate at the time Defendant was placing the calls to his cellular phone. The calls were disruptive, unwanted, and distracted Ciotti from his studies and daily routine.

32. Ciotti felt the calls were an invasion of his privacy and wanted Defendant to stop calling. Defendant ignored Ciotti's multiple requests and continued to call his cellular phone.

33. Based on the circumstances of the calls (e.g. dead air, large volume of calls, pre-recorded messages, seeming inability to remove his number from Defendant's call list), Ciotti believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

34. On information and belief, Defendant's ATDS called Ciotti on every occasion.

35. The telephone number Defendant called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Ciotti is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 8205.

37. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

38. Ciotti did not provide Defendant with prior express written consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

39. All calls Defendant made to Ciotti violate 47 U.S.C. § 227(b)(1).

40. Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone consumers to collect delinquent debts.

41. Plaintiff's overriding interest is ensuring Defendant ceases all illegal telemarketing practices and compensates all members of the Class for invading

their privacy in the manner the TCPA was contemplated to prevent.

42. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of themselves and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice and text calls to cell phones.

43. On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

**A. Class Allegations**

44. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the following Classes defined as follows (the "Class"):

**Autodialer Class:** All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call.

**IDNC Class:** All persons within the United States who, 30 days or more after requesting Defendant cease all calls, received any calls from Defendant, from October 16, 2013 to the date that class notice is disseminated.

**Artificial & Prerecorded Voice Class:** All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or pre-recorded voice, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make

such call.

**Wrong Number Class:** All persons in the United States whose (1) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were "wrong numbers" where the person subscribing to the number called was not the same person Defendant's records show it intended to call, (5) from October 16, 2013 to the date that class notice is disseminated.

45.   The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's counsel and Defendant's counsel; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

46.   This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

47.   Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48.   Plaintiff and members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class' members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur

certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; continuing to call Class members after they requested the calls cease or to be placed on Defendant's IDNC list; and invading the privacy of Plaintiff and the Class members.

**B.     Numerosity**

49.     The exact sizes of the Class are unknown and not available to Plaintiff at this time, but it is clear individual joinder is impracticable.

50.     On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.  Members of the Class can be easily identified through Defendant's records.

**C.     Commonality and Predominance**

51.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

52.     Common questions for the Class include, but are not necessarily limited to the following:

    a.     Whether Defendant's conduct violated the TCPA;

    b.     Whether Defendant systematically made auto-dialed or pre-recorded calls to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such phone calls after October 16, 2013;

    c.     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct;

    d.     Whether Defendant called consumers with re-assigned numbers that appear on publicly available databases or re-assigned numbers.

    e.     Whether Defendant placed calls to consumers after those consumers requested Defendant stop calling; and

    f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

### D. Typicality

53. Plaintiff's claims are typical of the claims of the other members of the Class.

54. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

### E. Adequate Representation

55. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

56. Plaintiff have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

### F. Policies Generally Applicable to the Class

57. This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole.

58. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

### G. Superiority

59. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

60. The damages suffered by the individual members of the Class will

likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

61. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

62. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

63. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)

64. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

65. The foregoing acts and omission of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

66. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (Knowing and/or Willful Violation of

### the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)

68. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

69. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

70. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

71. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2. For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage

in, the unlawful calls and text messages made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

3. For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated: April 27, 2016            Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

W. Craft Hughes (Pro Hac Vice Pending)
*craft@hughesellzey.com*
Jarrett L. Ellzey (Pro Hac Vice Pending)
*jarrett@hughesellzey.com*
**HUGHES ELLZEY, LLP**
Galleria Tower I
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone:  713-544-2377
Fax:  888-995-3335

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: April 27, 2016

Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

W. Craft Hughes (Pro Hac Vice Pending)
*craft@hughesellzey.com*
Jarrett L. Ellzey (Pro Hac Vice Pending)
*jarrett@hughesellzey.com*
**HUGHES ELLZEY, LLP**
Galleria Tower I
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: 713-544-2377
Fax: 888-995-3335